# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

RECEIVED 2006 APR 11 A 8:10

JESSIE TOMPKINS Sr.

  Plaintiff,

VS

  CASE NO 2:06cv 325-WKW

JUDGE JOHN JONES,
JUDGE PATRICIA WARNER,
JESSICA LARRY,
AUDRA BEASLEY,
CAPT. CHRISTOPHER LOWERY,
  Defendants.

Demand Jury trial

# COMPLAINT

## JURISDICTION

1. This action arises under 42 U.S.C. 1981, 1983, 1985 and 1988, 28 U.S.C 1331, 1343, 1361,1442(a) 2202 and the Constitution of the United States, Particularly the rights guaranteed to the plaintiff under the due process clause of the, thirteen (13) Fourteenth (14th) amendment and rights guaranteed to the plaintiff under the first (1st), Fifth (5th) to the United States Constitution.
2. The matter in controversy is over One Million Dollars, exclusive of interest and costs.

## PARTIES

3. JESSIE TOMPKINS, is over the age of 19 and is a Resident of Montgomery.

3. JUDGE JOHN JONES, is over the age of 19, is being sued individually and In his official capacity as Probate Judge Of Dallas County Alabama.

4. PATRICIA WARNER, Is being sued individually and In her official capacity as Circuit Judge Family Court Montgomery, Alabama, She is being sued in her injunctive relief.

5. JESSICA LARRY, is being sued individually, is over the age of 19 and is a resident of Montgomery.

6. AUDRA BEASLEY, Is being sued individually, is over the age of 19 and is a resident of Montgomery, Alabama.

7. CAPTAIN CHRISTOPHER M. LOWER, Is over the age of 19, is being sued Individually and in his official as Commanding Officer, U.S. Army Recruiting Company of Montgomery. Is responsible for administering the rules and regulation of the U.S. Army recruiting Company of Montgomery.

8. This action is an action for damages to redress the deprivation under color of state law, statures, regulations, customs or usage of rights , privileges and immunities protected and secured by the Constitution of the United States ,and acts of Congress providing for equal rights of citizen and all persons within the jurisdiction of the United States.

9. This is also a suit in equity under color of law, as cited in the above statures seeking injunctive relief from irreparable harm and harm already sustained and about to be sustained as a result of the pending and unlawful acts and illegal acts of the defendants.

10. On April 13$^{th}$2005, while acting as a co-defendant, Probate Judge John Jones notarized the Attached custody agree, allegedly signed between Jessie Tompkins and Jessica Larry, The signature of the plaintiff was forged while Judge Jones was acting under the color of law, to assist the U.S. Army in meeting its recruiting quota's.

11. **Attachment A**, was forged with the intent of depriving the plaintiff of his parental right. Mr. Tompkins and Ms. Larry are residents of Montgomery County Alabama.

12. After seeking advise from the U.S. Army, Capt. Christopher Lowery, that she would be able to re enlist in the Army. On June 20th, 2005, Ms. Larry, falsely filed a petition with the family court in Montgomery, Alabama, alleging abuse and neglect in an attempt to get custody. Exhibit A, was introduced as being a valid agreement between the parties. **(See Exh. B)**, It is commonly understood that the army would used judge Jones to notarized forge custody agreements to assist the in recruiting.

13. On October 11,2005 a final hearing was scheduled in JU-05-564-01 and JU-05-564-02, Counsel for Ms. Larry advised the court that Ms. Larry was deployed and ask that

the hearing be continued until Ms. Larry's 13 month deployment is over. At such time Ms. Larry was not deployed, and this delay tactic was used to prevent DHR home inspection, Ms. Larry was living in military Barracks and did not have private living quarters.

14. Ms. Larry, abandon her son at six months of age and refused to provide any child support during her 12 month enlistment in the military. On March 14, 2006, the family court denied request for child support, citing, that Soldier Sailors act prohibited a soldier from providing child support during deployment.

15. On March 14th 2006, Judge Warner, issued an order prohibiting the from participating in the criminal investigation, therefore, limiting the plaintiff's right under the first (1) amendment to the U.S. Constitution. **(Exh. F)** as a witness in a criminal investigation outside the family courts jurisdiction..

16. On July 29th 2005, The plaintiff was falsely arrested again by Audra Beasley, This arrest was in violation of the of the plaintiff's 13th and 14th amendment rights, to deprive the plaintiff of this parental rights, Ms Beasley was acting in concert as a co-conspirator, with Ms. Larry tactically. These individuals acted with malice and intent to falsely incarcerate the plaintiff under false domestic violence charges, to allow Ms. Larry to leave the State of Alabama with the parties child. November 4th 2005, The Plaintiff was cleared of all domestic violence charges.

17. On August 4, 2004 , Ms. Beasley falsely misrepresented to the Family in case No CS-93-1129, that the plaintiff's monthly Salary and rental income ranging from $4100.00 to $7,000 a month, **Exhibits C and D** was introduced as defendant Exhibits, and On August 31, 2005, the family court of Montgomery enter an order compelling the plaintiff to pay $1000.00 a month in child support.

18. The Plaintiff's appeal in this action, the plaintiff appeal have been pending since 2004 without action court action to determine the plaintiff's ability to pay, therefore, resulting in bankruptcy counseling.( code of Alabama Section 30-3-1)

19. The family court Judge Pat Warner, in this matter have denied the plaintiff the right to complete discovery or submit federal and state income tax returns. On Feb 24th 2006, the plaintiff denied all rental income claims and his discovery requests was denied. Judge Warner, further indicated that she was aware that the plaintiff had property and rental income., again that plaintiff request to submit income tax returns was denied.

20. Judge Warner have engaged in Ex Perte communication to conspire with the parties to force the plaintiff into bankruptcy and foreclosure proceeding to acquire his home and real estate located in Pike Road and Montgomery, Alabama.

21. Ms. Beasley, alleges that she is unemployed in **Exhibit E, and in Exhibits C and D** she alleges that she spends $1083.00 in work related child care cost.

22. As a result of the above mention acts in paragraph 9-20, each of the above name defendants have knowingly and willfully acted to conspire with each other to harm and cause harm to the plaintiff and deprive of his property by using state child support laws.

WHEREFORE, Plaintiff prays for the following relief:
1. That a temporary and permanent injunction be issued restraining the defendants, their agents, employees, attorneys and all others acting in concert with them from instituting criminal proceeding against the plaintiff to have him unlawfully arrested to take his property pending the hearing and determination of relief sought in this court.
2. And prohibit the family Court Judge Pat Warner, from using child custody proceeding to deprive the plaintiff of his property, when no mutual property exist between Ms. Larry and the plaintiff.
3. Compel the parties to comply with this discovery in this matter.
4. And declare that he plaintiff's right s to due process were violated by the intentional acts committed by the named defendants.
5. And impose punitive damages in the amount $250,000.00 against each name defendant and injunctive relief against Judge Warner.
6. Plaintiff reserves the right to amend complaint to laws violated and to add other unknown defendants.


RESPECTFULLY SUBMITTED

*Jessie Tompkin* (signature)
JESSIE TOMPKINS SR
13180 U.S. Hwy 80 East
PIKE ROAD, ALABMA 36064
334-277-8859 Hm
334-669-05921 Cell



EXHIBITS
A,B,C,D,E,F,G,H,I,