IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JESSIE TOMPKINS, SR.,                 )
                                      )
            Plaintiff,                )
                                      )
v.                                    )        CIVIL ACTION NO. 2:06CV325-WKW
                                      )
JUDGE JOHN JONES, et al.,             )
                                      )
            Defendants.               )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On 11 April 2006, the plaintiff, JESSIE TOMPKINS, SR. ["Tompkins"] filed a complaint naming, inter alia, two judges as defendants. Tompkins alleged that Judge John Jones ["Judge Jones"], Probate Judge of Dallas County, Alabama, and Judge Patricia Warner ["Judge Warner"], Family Court Judge in Montgomery County, violated his rights guaranteed by the United States Constitution and by 42 U.S.C. ¶¶ 1981, 1983, 1985, and 1988. He makes similar allegations against three other defendants, JESSICA LARRY ["Larry"], AUDRA BEASLEY ["Beasley"], and CAPT. CHRISTOPHER LOWERY ["Lowery"].

All of the defendants are sued individually, and Judge Jones, Judge Warner, and Capt. Lowery individually and in their official capacities. Tompkins seeks the following relief:

1.      a permanent injunction restraining the defendants "from instituting criminal proceeding against the plaintiff to have him unlawfully arrested to take his property pending the hearing and determination of relief sought in this court";

2.      an injunction prohibiting Judge Warner "from using child custody proceeding

to deprive the plaintiff of his property";

3.      an order compelling the parties to comply with discovery "in this matter";[1]

4.      a declaration that his due process rights were violated by "the intentional acts

committed by the named defendants; and

5.      an award of punitive damages of $250,000.00 against each defendant.

For the reasons stated herein, the Magistrate Judge concludes that Tompkins has not

stated a federally cognizable cause of action against the defendants; thus, the claims

presented in this case lack an arguable basis and are therefore due to be dismissed before

service upon application of 28 U.S.C. §1915(e)(2)(B)(I)-(ii)-(iii). *Neitzke v. Williams*, 490

U.S. 319 (1989).


## I.    THE ALLEGATIONS

Before examining and analyzing the individual claims against the defendants, the

court is compelled to emphasize the serious jurisdictional deficiencies in this case. Tompkins

is essentially requesting this court to intervene in probate, child custody, and child support

proceedings pending in the state courts of Montgomery County, Alabama.   Although he is

even awaiting the outcome of an appeal of one of the Family Court decisions, he nevertheless

asks this court to overturn the judge's decision, declare his rights, and award him damages.

---

[1]In view of his allegations in ¶ 19 of the Complaint, Tompkins is clearly referring
to discovery in the case now pending in the Montgomery County Family Court.

He alleges federal question jurisdiction under four federal statutes; however, because Title 42 U.S.C. §1988 confers no substantive rights upon a person, the court has considered only the substantive rights conferred by sections 1981, 1983, and 1985 of the same Title.

**A.      *The Claims Against Judge Jones and Judge Warner***

Tompkins contends that, on 13 April 2005, while acting in his official capacity, Judge Jones notarized an agreement to which his signature was forged, alleging further that Judge Jones was known to "notarize[] forge[d] custody agreements to assist the [Army] in recruiting". In the agreement,[2] Larry, the person seeking admission into the Army, agreed to permit Tompkins to become the legal guardian of her son during her enlistment in the United States Army. The agreement is ostensibly signed by Larry and Tompkins and two witnesses, and is approved by Judge Jones. Judge Jones did not notarize the agreement; the language preceding his signature and his signature do not render the document a sworn document. Instead, it is clear from the face of the document that his signature is an order or directive which *affirms* the parties' alleged agreement.[3]

---

[2]Attached to the complaint as Exhibit 1.

[3]The document provides, in pertinent part:

> IT IS SO ORDERED AND DONE IN THIS COURT.
>
> /s/ John Jones                                    Date: 4-13-05
> DALLAS COUNTY PROBATE JUDGE
> STATE OF ALABAMA

The plaintiff contends that, on 14 March 2006, Judge Warner issued an order "prohibiting" him from participating in a criminal investigation, thereby limiting his rights under the First Amendment as a witness "in a criminal investigation outside the family courts jurisdiction".[4]   The text of the order leaves little doubt that (1) the case in the Montgomery County Family Court is a custody case, (2) the case is still pending, and (3) the court's custody order should not be construed as final, and (4) the court anticipates issuing further orders at the appropriate time.   He further alleges that Judge Warner has denied his right to complete discovery or submit federal and state income tax returns.   Finally, Judge Warner is accused of conspiring with "the parties too force [Tompkins] into bankruptcy and

---

The Seal of Judge Jones' office is also affixed to the document over his signature. The document does not include an attestation in any form.

[4]The text of Judge Warner's order on 14 March 2006 is as follows (abbreviations are expanded):

> Petitioner's [Tompkins] Motion for custody with documents attached is placed on Administrative docket pursuant to Soldier & Sailors Relief Act. Custody to be determined at final hearing. Petitioner shall have no contact with mother, mother's Commanding Officer, her military unit or DFAS, pending further orders of [the] court. Documents attached to Petitioner's Motion are unverified and not notarized. (PDW).

Tompkins' various representations in the complaint and his interpretations of Judge Warner's order are patently incorrect.  For example, he alleged that the above order stated that the "Soldier Sailors act prohibited a soldier from providing child support during deployment". The text of the order cannot be reasonably construed as relieving anyone, including Larry, of a child support obligation.  Tompkins is simply wrong.

foreclosure proceeding[s]" to acquire his Montgomery home and real estate.

The law is well-settled that state judges are absolutely immune from damages liability when sued under 42 U.S.C. §1983 for actions taken in the course of their judicial duties. *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). The face of the complaint affirms that all of the actions attributed to Judges Jones and Warner were taken in during the course of their judicial duties. Thus, Tompkins' claims for damages against them are "based on an indisputably meritless legal theory" and are therefore subject to dismissal under the provisions of 28 U.S.C. §1915(e). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

This court should also decline to enjoin either of the judges from taking official actions. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal district court should not enjoin a pending state criminal prosecution absent exceptional circumstances. The basis for the *Younger* abstention doctrine is comity. The doctrine has been applied to pending state civil cases in which the state is a party, *Huffman v. Pursue, Ltd*., 420 U.S. 592 (1975), and to pending state administrative proceedings. *See Middlesex Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423 (1982).

"The federal court should abstain from hearing a case when a state administrative proceeding is pending, the proceeding involves important state interests and the state proceedings afford adequate opportunity to raise constitutional issues. The 'adequate opportunity to address the constitutional issues' requirement is satisfied if constitutional

issues may be raised in the state-court judicial review proceedings." *See Mastrangelo v. City of St. Petersburg, et al,* 890 F.Supp. 1025, 1028 (M.D. Fla. 1995). Thus, a strong argument can be advanced in support of this court's exercise of the *Younger* doctrine in the case *sub juris*, especially since there are *both administrative and judicial proceedings* pending in Alabama in the Dallas County Probate Court and the Montgomery County Family Court.

In this case, Tompkins seeks monetary and injunctive relief against two state court judges who have rendered decisions in child custody and child support proceedings. The State of Alabama, and all states, exercise exclusive authority in determining child custody and imposing child support obligations upon individuals; there is no federal statutory or common-law counterpart. Thus, child custody and child support issues involve critical state interests in which the federal government and its courts generally exercise minimal authority, and provide a fertile basis for federal abstention under *Younger* and its progeny.

To the extent that Tompkins seeks a declaratory judgment for actions taken by the judges, this court lacks jurisdiction to render such judgment. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. §1983 with respect to challenges to state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action is unconstitutional.[5] *Berman v. Florica Board*

---

[5]Tompkins does allege in his complaint that he seeks damages "to redress . . . privileges and immunities protected and secured by the Constitution of the United States" (Doc. # 1, p. 2). He then contends that Judge Warner violated his First Amendment rights by prohibiting some unnamed person from participating in a criminal investigation. Secondly, he alleged that Ms. Beasley, a private party, "falsely arrested" him in violation of his Thirteenth and Fourteenth Amendment rights. (Doc. # 1, p. 3). The right of access

*of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).  An action filed pursuant to 42 U.S.C.

§1983 may not be used as a substitute to appeal a state court decision.  *Rolleston v. Eldridge,*

848 F.2d 163 (11th Cir. 1988).  In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996),

the Supreme Court declared:

> [W]e have not limited the application of the abstention doctrines
> to suits for injunctive relief, but have also required federal courts
> to decline to exercise jurisdiction over certain classes of
> declaratory judgments, see, e. g., Huffman, 319 U.S. at 297
> (federal court must abstain from hearing declaratory judgment
> action challenging constitutionality of a state tax); Samuels v.
> Mackell, 401 U.S. 66, 69-70, 72-73, 27 L. Ed. 2d 688, 91 S. Ct. 764
> (1971) (extending Younger abstention to declaratory judgment
> actions), the granting of which is generally committed to the courts'
> discretion, see Wilton v. Seven Falls Co., 515 U.S. 277, 282, 132 L.
> Ed.2d 214, 115 S. Ct. 2137 (1995) (HN10federal courts have
> "discretion in [*719] determining whether and when to entertain an
> action under the Declaratory Judgment Act, even when the suit
> otherwise satisfies subject matter jurisdictional prerequisites").

517 U.S. at 718-719 .

Abstention is especially warranted in this case, inasmuch as Tompkins has admitted

_____

to courts arises from the right to petition government expressly provided in the text of
First Amendment, but it is not an unfettered right.  It has been construed to protect the
right of prospective litigants to seek redress in the courts but not to abuse the right for
ulterior purposes.  Nor are individuals entitled to unfettered privileges once they become
litigants. *See BE&K Constr. Co. v. NLRB*, 536 U.S. 516, 525 (U.S. 2002).  Moreover,
for reasons explained *infra*, Beasley is not in the category of "persons" addressed by 42
U.S.C. §1983 or the First, Thirteenth, or Fourteenth Amendments.

that his appeal of one of Judge Warner's child support rulings is still pending.  Until that

appeal is concluded, no other court, including this one, can or should *declar*e Tompkins'

rights in the subject dispute.  In light of the foregoing, dismissal of his claims against Judges

Jones and Warner before service is appropriate under 28 U.S.C. §1915(e)(2)(B)(ii) and (iii).

***See Clark v. State of Georgia Pardons and Paroles Board***, 915 F.2d 636 (11th Cir. 1990).


**B.    *The Claims Against Jessica Larry and Audra Beasley***

Jessica Larry presented an alleged custody agreement to Probate Judge Jones for his

approval.  The agreement provided on its face that she consented to Tompkins' assumption

of legal guardianship of her child "during [her] enlistment in the United States Army" and

the return of the guardianship to her "[u]pon [her] discharge from the United States Army".

(Eoc. # 1, Exhibit A).  According to Tompkins, she also filed a petition with the Montgomery

County Family Court to get custody.[6]

Audra Beasley is apparently the mother of other children fathered by Tompkins who

was the plaintiff in a child support action in the Montgomery County Family court (Civil

Action No. CS 93-1129) that was separate from the case involving Larry.  Tompkins charges

Beasley with having him arrested and falsely incarcerating him under "false domestic

---

[6]It is not clear from the complaint whether Larry charged Tompkins with abuse
and neglect or why she sought custody in the Family Court in June 2005 after agreeing to
relinquish custody two months earlier in April 2005.  Those factors, and elucidation
thereof, are not, however, pertinent to the conclusions in this Recommendation regarding
the court's jurisdiction or the integrity of the causes of action.

violence charges" to permit Larry to leave the state with his son.  He further alleged that

Beasley made false representations to the Family Court regarding his salary and rental

income and that the information led to an implicitly excessive child support order. Tompkins

acknowledges in his complaint that he has appealed the child support order and that it

remains pending (See the plaintiff's Complaint, ¶18).

Tompkins fails to state a cause of action against Beasley under 42 U.S.C. § 1981,

which provides as follows:

> (a) Statement of equal rights. All persons within the jurisdiction of
> the United States shall have the same right in every State and
> Territory to make and enforce contracts, to sue, be parties, give
> evidence, and to the full and equal benefit of all laws and proceedings
> for the security of persons and property as is enjoyed by white
> citizens, and shall be subject to like punishment, pains, penalties,
> taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined. For purposes of this
> section, the term "make and enforce contracts" includes the making,
> performance, modification, and termination of contracts, and the
> enjoyment of all benefits, privileges, terms, and conditions of the
> contractual relationship.
>
> © Protection against impairment. The rights protected by this
> section are protected against impairment by nongovernmental
> discrimination and impairment under color of State law.

This statute "protects the equal right of 'all persons within the jurisdiction of the United

States' to 'make and enforce contracts' without respect to race. 42 U.S.C. § 1981(a). The

statute currently defines 'make and enforce contracts' to 'include the making, performance,

modification, and termination of contracts, and the enjoyment of all benefits, privileges,

terms, and conditions of the contractual relationship." § 1981(b). ***Domino's Pizza, Inc. v.***

*McDonald*, 126 S. Ct. 1246, 1249 (2006).

> Section 1981 offers relief when racial discrimination blocks the
> creation of a contractual relationship, as well as when racial
> discrimination impairs an existing contractual relationship, so
> long as the plaintiff has or would have rights under the existing
> or proposed contractual relationship.

126 S. Ct. at 1250.

Tompkins has made no allegations regarding the establishment or enforcement of

contractual rights or the existence or implementation of racially discriminatory practices.

Indeed, his complaint focuses on the treatment accorded to him by the defendants, not others.

Thus, by ailing to include allegations in his complaint that even remotely suggest a cause of

action pursuant to the language above, Tompkins has failed to invoke this court's jurisdiction

to consider a Section 1981 claim against Beasley or any of the other four defendants.

Similarly, he failed to state a cause of action under 42 U.S.C. §1983.  That section

provides:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of
> Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress, except
> that in any action brought against a judicial officer for an act or
> omission taken in such officer's judicial capacity, injunctive relief
> shall not be granted unless a declaratory decree was violated or
> declaratory relief was unavailable. . .

In order to maintain an action under 42 U.S.C. § 1983, the conduct complained of

must have been committed by a person acting under color of state law.  *Parratt v. Taylor*,

451 U.S. 527 (1981); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999) (To

"state a claim for relief in an action brought under §1983, [the plaintiff] must establish that

[he was] deprived of a right secured by the Constitution or laws of the United States, and that

the alleged deprivation was committed under color of state law.  Like the state-action

requirement of the Fourteenth Amendment, the under-color-of-law element of §1983

excludes from its reach merely private conduct, no matter how discriminatory or wrongful.").

*See also Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th

Cir. 2003).[7]

The actions of Larry and Beasley, about which the Tompkins complains, were not

committed by persons acting under color of state law.  Each of these defendants is a private

party.  Although they availed themselves of state court proceedings and, with the assistance

of the Family court, sought enforcement of state child support laws against Tompkins, their

actions did not, for that reason, become public.  See *American Mfrs. Mut. Ins. Co. v.

Sullivan*, 526 U.S. at 56.

Moreover, even though Larry (and Capt. Lowery) ostensibly sought the state's

approval of her custody decision to facilitate her enlistment into the United States Army, her

motivation was not enough to alter the private nature of her actions.  *San Francisco Arts &*

---

[7]*See Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 2769-70, 73 L. Ed. 2d
418 (1982) ("In cases under § 1983, 'under color' of law has consistently been treated as
the same thing as the 'state action' required under the Fourteenth Amendment." (quoting
*United States v. Price*, 383 U.S. 787, 794 n.7 (1966)).

*Athletics, Inc. v. United States Olympic Comm*., 483 U.S. 522, 544 (1987) ("The fact 'that a private entity performs a function which serves the public does not make its acts [governmental] action'") (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982)).

Consequently, Tompkins' claims against Larry and Beasley lack an arguable basis and are therefore due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(I) and (ii). *Neitzke v. Williams*, 490 U.S. 319 (1989).


**C.**    **The Claim Against Capt. Lowery**

Tompkins alleges that Capt. Lowery is "responsible for administering the rules and regulation of the U.S. Army recruiting Company of Montgomery" and that he "used Judge Jones to notarized [sic] forge[d] custody agreements" to facilitate recruitment. The claims against Lowery are in the nature of conspiracy claims, the support for which Tompkins relies upon 42 U.S.C. §1985. He has alleged that all of the other defendants conspired to violate his constitutional rights as well.

Section 1985(2) prohibits two or more persons in any state or territory from conspiring "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, " 42 U.S.C. § 1985(2); *Morast v. Lance*, 807 F.2d 926, 929-930 (11th Cir. 1987) (quoting 42 U.S.C. § 1985(2)). Moreover, § 1985(2) requires that the conspirators act with animus that is based on race or class. *See Kimble v. D.J. McDuffy,*

***Inc.***, 648 F.2d 340, 347 (5ᵗʰ Cir. 1981) (*en banc*); ***see also Mason v. Village of El Portal***, 240

F.2d 1337, 1340 (11ᵗʰ Cir. 2001).

TOMPKINS has made no such allegations against any of the defendants.  His

conspiracy claims should therefore be dismissed as frivolous and because he failed state a

cause of action under 28 U.S.C. §1915(e)(2)(B)(I) and (ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this cause

and all of the claims stated therein be dismissed pursuant 28 U.S.C. §1915(e)(2)(B)(I)-(ii)-

(iii).  Thus, all of Tompkins' claims against all of the defendants should be DISMISSED with

prejudice.  The court has no jurisdiction over the claims asserted against Judges Jones and

Warner, Larry, Beasley, or Capt. Lowery.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before 5 May 2006.  A party must specifically identify the findings in the Recommendation

to which objection is made; frivolous, conclusive, or general objections will not be

considered. Failure to file written objections to the Magistrate Judge's proposed findings and

recommendations shall bar a party from a de novo determination by the District Court of

issues covered in the Recommendation and shall bar the party from attacking on appeal

factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  ***Nettles v. Wainwright***, 677 F.2d 404 (5th Cir. 1982).  *See **Stein v. Reynolds Securities, Inc.***, 667 F.2d 33 (11th Cir. 1982).  *See also **Bonner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

     DONE this 21st day of April, 2006.

              /s/ Vanzetta Penn McPherson
              VANZETTA PENN MCPHERSON
              UNITED STATES MAGISTRATE JUDGE