IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSIE TOMPKINS, SR. | ) |
| Plaintiff, | ) |
| v. | ) 2:06-CV-325-WKW |
| JUDGE JOHN JONES, ET AL. | ) |
| Defendants. | ) |

## MOTION TO DISMISS

COME NOW the Defendants, **Judge John Jones and Judge Patricia Warner**, by and through undersigned counsel, and respectfully moves the Court to accept Magistrate Judge Vanzetta Penn McPherson's recommendation and dismiss all of plaintiff's claims against these defendants with prejudice. As grounds for said motion, these Defendants would show unto the court as follows:

1. There is no indication that service was ever properly obtained against these defendants, but, without waiving a lack of proper service, or any other valid defense, and out of an abundance of caution, this initial pleading is filed to insure compliance with the time limitations contained in the Federal Rules of Civil Procedure.

2. These Defendants adopt the well reasoned opinion and recommendation of Judge McPherson as if stated fully herein including but not limited to the following numbered paragraphs.

3. Plaintiff has not stated a federally cognizable cause of action against the defendants; thus, the claims presented in this case lack an arguable basis and are therefore

due to be dismissed before service upon application of 28 U.S.C. §1915(e)(2)(B)(I)-(ii)-(iii). *Neitzke v. Williams*, 490 U.S. 319 (1989).

3. The law is well-settled that state judges are absolutely immune from damages liability when sued under 42 U.S.C. §1983 for actions taken in the course of their judicial duties. *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). The face of the complaint affirms that all of the actions attributed to Judges Jones and Warner were taken in during the course of their judicial duties. Thus, Plaintiff's claims for damages against them are "based on an indisputably meritless legal theory" and are therefore subject to dismissal under the provisions of 28 U.S.C. §1915(e). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

4. To the extent that Tompkins seeks a declaratory judgment for actions taken by the judges, this court lacks jurisdiction to render such judgment. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. §1983 with respect to challenges to state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action is unconstitutional. *Berman v. Florica Boardof Bar Examiners,* 794 F.2d 1529 (11th Cir. 1986). An action filed pursuant to 42 U.S.C. §1983 may not be used as a substitute to appeal a state court decision. *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

WHEREFORE, premises considered, Defendants Judge John Jones and Judge Patricia Warner requests that the Magistrate Judge's recommendation be accepted and the complaint against them be dismissed with prejudice.

Respectfully submitted,

TROY KING
Attorney General

<u>s/ Benjamin H. Albritton</u>
Benjamin H. Albritton
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 1st day of May, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Jessie Tompkins, Sr.
13180 U.S. Highway 80 East
Pike Road, AL 36064

<u>s/ Benjamin H. Albritton</u>
Benjamin H. Albritton
Assistant Attorney General