UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAY -5 P 3: 56

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JESSIE TOMPKINS Sr.

   Plaintiff,

VS          CASE NO. 2:06CV325.WKW

JUDGE JOHN JONES,
JUDGE PATRICIA WARNER,
JESSICA LARRY,
AUDRA BEASLEY,
CAPT. CHRISTOPHER LOWERY,
CITY OF MONTGOMERY,
MONTGOMERY COUNTY YOUTH
FACILITY, BETTY BARKER AND
JULIANNA TAYLOR.
   Defendants.

PLAINTIFF'S JESSIE TOMPKINS' OBJECTION TO THE
MAGISTRATE JUDGE RECOMMENDATION TO
THE DISMISS ALL CLAIMS PURSUANT TO
28 USC SECTION 1915 (e)(2)(B)(I)-(ii)-(iii)

ARGUMENTS

1. The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 342-343 (1948). Toward this end, 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. See Franklin v. Murphy, 745 F.2d 1221, 1226 (CA9 1984).

2. A plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more

complete record of the case. Brandon v. District of Columbia Board of Parole, 236 U.S. App. D.C. 155, 158, 734 F.2d 56, 59 (1984), cert. denied, 469 U.S. 1127 (1985). However, Mr. Tompkins has amended his complaint to facilitate any procedural grounds for dismissal.

3. To conflate the standards of frivolousness and failure to state a claim, as outline, would thus deny indigent plaintiffs the practical protections against unwarranted dismissal generally accorded paying plaintiffs under the Federal Rules. A complaint like that filed by Williams under the Eighth Amendment, whose only defect was its failure to state a claim, will in all likelihood be dismissed sua sponte, whereas an identical complaint filed by a paying plaintiff will in all likelihood receive the considerable benefits of the adversary proceedings contemplated by the Federal Rules. Given Congress' goal of putting indigent plaintiffs on a similar footing with paying plaintiffs, cannot reasonably be sustained. According opportunities for responsive pleadings to indigent litigants commensurate to the opportunities accorded similarly situated paying plaintiffs is all the more important because indigent plaintiffs so often proceed pro se and therefore may be less capable of formulating legally competent initial pleadings and can not be. automatically frivolous within the meaning of 1915 because it fails to state a claim See Haines v. Kerner, 404 U.S. 519, 520 (1972).

4. I would like to bring the courts attention to Mr. Tompkins affidavit, in opposition to the Magistrate Judge Recommendation to dismiss. Mr. Tompkins affidavit clarifies that no civil or probate action have been filed in the Dallas County, that he is a party of. In paragraph No. 3, Mr. Tompkins cites the state stature in which Exhibit A, was executed. There are not judicial or administrative claims pending or recorded in Dallas County Court or Probate System. See page 6 of the Magistrate's Recommendation, paragraph one (1) line four (4). Mr. Tompkins again objects to this opinion as not being factual. Mr. Tompkins is not substituting this action as an appeal for claims against Judge Jones, because he has never participated or been a party to a action in Dallas County and there are no administrative claims pending in Montgomery County family Court. ( A. Claims against Judge Jones and Judge Warner)

## IMMUNITY

5. Mr. Tompkins, amended complaint outline this issue of Immunity for claims under Title 20 U.S.C 1681 and title 42 U.S.C. 2000(d), the statures held that :

**A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.**

6. This district court denied the defendants' Alabama State University Et al, motion to dismiss, holding that by accepting federal funds after the enactment of 42 U.S.C. 2000d-7, the defendants had consented to the waiver of their Eleventh Amendment immunity. See Beasley v. Alabama State Univ., 3 F. Supp.2d 1304, 1311-1316 (M.D. Ala. 1998). The Montgomery County Youth Facility and the City of Montgomery are all state created entities, whom are recipients of federal funds. Judge Warner and Judge Jones administer federal funded programs in their perspective counties, for community and youth development. Mr. Tompkins serves as a certified teacher with the Youth Facility in its alternative educational program for disadvantage youth at risk.

## The Claims against Capt. Lowery

7. The Claims against Capt. Lowery , The U.S. Army recruiting Company is a state created entity that is functioning under the laws of Alabama, this creation entitles Capt. Lowery under the 42 U.S.C. 1983 to act as a state official for the federal purposes, to recruit for the U.S. Army

recruiting station. Again this color of law status waivers any immunity given to Captain Lowery under Title VI, of the 1964 Civil Rights Act, see 42 U.S.C.2000d.

Respectfully Submitted,

*[signature]*

Jessie Tompkins Sr.

13180 U.S. Hwy 80 E.

Pike Road, Ala. 36064

## CERTIFICATE OF SERVICE

**I hereby certify that I have served a copy of the attached motion in opposition to dismiss on all parties of record, on this 5th day of May 2006.**

*[signature]*

Jessie Tompkins