UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAY 10  A 11: 02
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JESSIE TOMPKINS Sr.    *

    Plaintiff,    *

VS    * CASE NO. 2:06CV325.WKW

JUDGE JOHN JONES,    *
JUDGE PATRICIA WARNER,
JESSICA LARRY,    *
AUDRA BEASLEY,
CAPT. CHRISTOPHER LOWERY,    *
CITY OF MONTGOMERY,
MONTGOMERY COUNTY YOUTH    *
FACILITY, BETTY BARKER AND
JULIANNA TAYLOR.    *
    Defendants.

PLAINTIFF JESSIE TOMPKINS' OBJECTION TO DEFENDANTS
JUDGE WARNER AND JUDGE JONES MOTION TO
DISMISS ALL CLAIMS PURSUANT TO TITLE
28 USC SECTION 1915 (e)(2)(B)(I)-(ii)-(iii)

1. Comes now the plaintiff JESSIE TOMPKINS, and submits this motion in opposition to the defendants motion to dismiss and adoption of the Magistrate Judge Recommendations to dismiss. Mr. Tompkins would like to respond and clarify Mr. Tompkins' claims before this court.

2. Mr. Tompkins is a Physical Education Teacher at the Montgomery County Youth Facility, he is assigned there as part of the Montgomery County Public School alternative Education program with the Youth Facility. The federal issues presented before this court are, Mr. Tompkins' is seeking redress from the court to enforce provisions of 42 U.S.C. 1983, pursuant to the 1972 Educational Amendment, 20 U.S.C. 1681 and title VI of the Civil Rights Act of 1964 42 U.S.C. 2000d(1)(7). As a teacher/coach. Mr. Tompkins has asserted that he is being discriminated against by Judge Warner, because of his race (black) and that he is a male (sex).

3. Mr. Tompkins', amended complaint outline the issue of immunity for claims under Title 20 U.S.C 1681 and title 42 U.S.C. 2000(d), the statures concludes that :

    **A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.**

This U.S. District Court denied the defendants' Alabama State University Et al, motion to dismiss, holding that by accepting federal funds after the enactment of 42 U.S.C. 2000d-7, the defendants had consented to the waiver of their Eleventh Amendment immunity. See Beasley v. Alabama State Univ., 3 F. Supp.2d 1304, 1311-1316 (M.D. Ala. 1998). The Montgomery County Youth Facility and the City of Montgomery are all state created entities, whom are recipients of federal funds. Judge Warner and Judge Jones administer federal funded programs in their perspective counties, for community and youth development. Mr. Tompkins employed as a certified teacher with the Youth Facility in its alternative educational program for disadvantage youth at risk. See exhibits A, B, C, and D. Mr. Tompkins was retaliate against by the defendants because he spoke out openly about how he was being treated as a teacher in the educational program at the facility on a local talk show.

4. In Exhibit C, Mr. Tompkins has filed a civil rights claim against the Montgomery County Youth Facility for preventing his from participating in the educational program as a coach with the Montgomery County Public Schools. Despite requests by Mr. Tompkins employer to return to work, official at the facility have conspired to deny Mr. Tompkins the right to participate in the education program because of his race and sex.

In addition, Section 2000d-7 is also a valid exercise of congress, authority under section 5 of the fourteenth Amendment to permit private suits against states for discriminating against individuals on the basis of sex, in violation of federal laws. See Franklin vs Gwinnett Co. Pub. Sch., 503 U.S. 60, 76 1992; Cannon vs University of Chicago, 441 U. S. 677, 705-706 (1979). Again, the relief sought by a plaintiff suing a state is irrelevant to the question whether the suit is barred by the eleventh Amendment., see SEMINOLE TRIBE, 517 U.S. at 58. States that a " State shall not be immune under the Eleventh Amendment ...". See Jackson vs the Birmingham Board of Education, 544 U.S.___2005.

5. Mr. Tompkins has no pending appeals as to his claims under 42 U.S.C. 1983, Title 20 U.S.C 1681 and title 42 U.S.C. 2000(d)-7, for violations of plaintiff rights under the 14th amendment, that would warrant dismissal of all of his claims against the defendants.

WHEREFORE, the plaintiff requests that this court deny the defendants motion to dismiss in it entirety .

Respectfully Submitted

_/s/ Jessie Tompkins_
Jessie Tompkins Sr.
13180 U.S. Hwy 80
Pike Road, Al 36064
334-277-8853

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 10th day of May filed a copy of this motion in objection to (states) motion to dismiss filed by the state defendants and all other parties of record.

_/s/ Jessie Tompkins_