UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |
|---|---|
| JESSIE TOMPKINS Sr. | * |
| Plaintiff, | * |
| VS | * CASE NO. 2:06CV325.WKW |
| JUDGE JOHN JONES, | * |
| JUDGE PATRICIA WARNER, | |
| JESSICA LARRY, | * |
| AUDRA BEASLEY, | |
| CAPT. CHRISTOPHER LOWERY, | * |
| CITY OF MONTGOMERY, | |
| MONTGOMERY COUNTY YOUTH | * |
| FACILITY, BETTY BARKER AND | |
| JULIANNA TAYLOR. | * |
| Defendants. | |

## PLAINTIFF JESSIE TOMPKINS' OBJECTIONS AND RESPONSE TO THE MAGISTRATE JUDGE RECOMMENDANTION TO DENY DEFAULT JUGEMENT

Come now the Plaintiff and provides the following response and objection to the Magistrate Judge's "ORDER ON MOTION" dated April 8th and 9th denying plaintiff's motion for default judgement. On April 21st 2006, The Magistrate Judge against recommended dismissal of the plaintiff claims under Title 28 U.S.C. Section 1915 (I)(ii)(iii), before service upon application. The Plaintiff objections are as follows:

1. On April 11th 2006, the plaintiff filed and served his law suit upon the defendants as noted below,

2. On April 11th 2006, Defendants PFC Jessica Larry was personally served. She failed to reply or defend any claims against her within the 20 days period as required by federal rules.

3. On April 11th 2006, Defendant Judge Patricia Warner was personally served and Judge John Jones was personally served on April 13th 2006. On May 1st 2006. Counsel for the parties filed a reply on their behalf. Within the required 20 days.

4. On April 13th 2006, personal service was executed on both defendants Ms. Audra Beasley and Captain Christopher Lowery, both defendants have failed to answer or defend any claims against them as required by federal rules.

5. The plaintiff further objects to the assertion that he is asking the **courts to intervene in probate matters pending in the state court**, this is in inaccurate opinion ( page 2, THE ALLEGATION, LINE 3.) and the assertion that he is **asking the courts to overturn a judges decision.** (page 2, THE ALLEGATION LINE 6).

6. Again on page 6, part A, **claims against Judge Jones and Judge Warner, The Magistrate Judge cited that "both administrative and judicial proceeding are pending in the Dallas Probate court..."**

7. However, each of these defendants acted in violation of Title 42 U.S.C. 1985 as co-conspirators to advance their scheme to deprive Mr. Tompkins of his guaranteed constitutional rights secured under the 4th, 6th, 5th, 13th and 14th Amendments.

8. Defendants Judge Warner, Judge Jones, Captains Lowery, Juliana Taylor, PFC Larry, Montgomery County Youth Facility, City of Montgomery are not private entities, they all performs a state or federal function for a governmental entity. Regardless of whether the action was governmental or not. Unlike claims brought under the Fourteenth Amendment, private entities are liable under 42 U.S.C. 1983, 42 U.S.C. 2000d (1) (7) and 42 U.S.C. 1681 without a showing of state action, as long as they are a recipient of federal funds. See Horner v. Kentucky High Sch. Athletic Ass'n, 43 F.3d 265, 271 (6th Cir. 1994).

9. Finally, the plaintiff, objects to the Magistrate suggestion that a dismissal would save time and money, I don't think that the notion of dismissing plaintiffs' claims would correct the intentional violation committed by the defendants acting under color of law. To ignore intentional acts of injustice and reward the defendants for their bad conduct, only encourage the same behavior among other in the profession.

WHEREFORE, The plaintiff requests that this court do not adopt the Magistrate Judge recommendation to dismiss all claims and grant a default judgement against PFC. Larry, Capt. Lowery and Ms. Audra Beasley respectively.

Respectfully Submitted

Jessie Tompkins
13180 U.S. Hwy 80 E
Pike Road, Ala. 36064


CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the attached motion on this 12th day of May 2006, to all parties of record.

Jessie Tompkins