# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JESSIE TOMPKINS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 2:06cv325-WKW |
| vs. ) | |
| ) | |
| JUDGE JOHN JONES, JUDGE PATRICIA ) | |
| WARNER, JESSICA LARRY, AUDRA ) | **MOTION TO DISMISS DEFENDANT** |
| BEASLEY, CAPT. CHRISTOPHER ) | **CITY OF MONTGOMERY UNDER** |
| LOWERY, CITY OF MONTGOMERY, ) | **RULE 12(b)(6) OR IN THE** |
| MONTGOMERY COUNTY YOUTH ) | **ALTERNATIVE MOTION TO SEVER** |
| FACILITY, BETTY BARKER, AND ) | |
| JULIANNA TAYLOR et al. | |
| Defendants. | |

## MOTION TO DISMISS DEFENDANT CITY OF MONTGOMERY UNDER RULE 12(b)(6)

COMES NOW the Defendant, City of Montgomery, by and through it's undersigned attorney, and respectfully files this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and sets forth the following grounds in support of said Motion:

1. Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

2. Plaintiff is attempting to appeal an Order of the City Council of the City of Montgomery whereby said Council ordered Costs for abatement of a nuisance. The proper route of Appeal is Circuit Court for the State of Alabama. Plaintiff has, therefore failed to set forth any jurisdictional basis for this Court's jurisdiction over the subject matter of this action. Plaintiff has attempted to invoke the jurisdiction of this Court under the broad stroke of the 14th Amendment to the U.S. Constitution, yet avers no violation of

due process and in fact with his exhibits attached to the complaint shows the due process requirements were met by the City of Montgomery.

3.        Plaintiff is asserting a Constitutional Right violation of "Black Property Owners whose homes have been demolished" to which the Plaintiff is not one of these individuals.  Plaintiff's home nor any residence that the Plaintiff was owner of record have been demolished by the City of Montgomery.

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must take the allegations of the complaint, or count, as true. Doing that, the court may dismiss only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Powell v. U.S.,* 945 F.2d 374 (11th Cir.1991); *Tiftarea Shopper, Inc. v. Georgia Shopper, Inc.,* 786 F.2d 1115 (11th Cir.1986)

Assuming the allegations are true, although Defendant City of Montgomery denies the Plaintiff's allegations, it is clear from the Complaint that Defendant City of Montgomery has not violated Plaintiff's constitutional rights.  Plaintiff's Complaint is due to be dismissed based on F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted against Defendant City of Montgomery.

## **MOTION TO SEVER**

COMES NOW the Defendant, City of Montgomery, by and through it's undersigned attorney, and moves this Court as follows:

To sever the Claim asserted by Plaintiff against Defendant, City of Montgomery (hereinafter referred to as City), from the claims asserted by Plaintiff against other defendants in this suit, pursuant to Rule 20 (a) and (b) and Rule 42(b) FED. R.Civ.P.

1.     Plaintiff's claims against defendants Judge John Jones, Judge Patricia Warner, Jessica Larry, Audra Beasley, Captain Christopher Lowery, Montgomery County Youth Facility, Betty Barker, and Juliana Taylor, are to recover money judgments, based upon arrests made through alleged violations of Probate and Family court violations. Plaintiff's claim against defendant, City of Montgomery, is to recover money damages arising out of alleged procedural due process violations, arising from City Council actions taken, against Plaintiff, whom admittedly no longer owns properties complained of in the complaint against CITY.

> [A]ll persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, *any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action*. (Rule 20(a) FED. R. Civ. P.)(*emphasis added*).

Federal Rule of Civil Procedure providing for separate trials requires the district court to balance considerations of convenience, economy, expedition, and prejudice. The decision to order separate trials depends on the peculiar facts and circumstances of each case. *Alexander v. Fulton County, Ga*., 207 F.3d 1303, 347 (11th Cir. 2000). Rule 42(b) FED R. Civ. P. grants broad latitude to the court to order separate trials when "conducive

to expedition and economy" and in the "furtherance of convenience and to avoid prejudice."

2.      Plaintiff's claim against CITY has nothing in common with all other claims against all other defendants, as required by Rule 20(a), and such claim is, therefore, improperly joined with such other claims. The issues complained of in Counts I-III specifically allege family and probate court issues, of which all other defendants were a part to, either directly or indirectly.  The claim against CITY arises out of a wholly separate transaction, of which no defendants mentioned in any of the previous counts are made party to. CITY, specifically being the only defendant not related to any allegations in Counts I-III, and singled out in Count IV would surely face prejudice in light of unrelated evidence presented against other defendants, and unrelated to the CITY's plight in this suit. In pursuit of judicial economy to other defendants, and in avoidance of prejudice to CITY, as a defendant set apart by law and fact, from all other defendants, Defendant, CITY respectfully prays for the severance from all other defendants, in this action.

In considering the Complaint in its entirety the cause of action sought by the Plaintiff against the City of Montgomery contained in Count IV and cited above bears no similarity, common occurrence, common peoples or involve the same set of facts as Count I, II and III.  Therefore, the City of Montgomery would ask this Court to sever it as a party defendant and require the Plaintiff to institute an independent action autonomous to the parties thereby avoiding any prejudice that could be felt by the City of Montgomery if the instant action is allowed to proceed as it now stands.

WHEREFORE, PREMISES CONSIDERED, the City of Montgomery hereby prays that this Honorable Court will dismiss the City of Montgomery as a named party defendant in accordance with Rule 12(b)(6) Federal Rules of Civil Procedure or in the alternative sever them from the above styled action.

Respectfully submitted this the 30th day of May, 2006.

/s/ Michael D. Boyle
Michael D. Boyle (ASB 1585-E68B)
Assistant City Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by causing it to be placed in the U.S. Mail, postage prepaid and properly addresses on this 30th day May, 2006 to the following:

Jessie Tompkins, Sr.
13180 U.S. Hwy 80 East
Pike Road, Alabama  36064

/s/ Michael D. Boyle
Michael D. Boyle (ASB 1585-E68B)
Assistant City Attorney