IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JESSIE TOMPKINS, SR,** | ] |
| Plaintiff, | ] |
| vs. | ] CIVIL ACTION NO. 2:06CV325-WKW |
| **JUDGE JOHN JONES, et al.,** | ] |
| Defendants. | ] |

## MOTION TO DISMISS OF DEFENDANT
## MONTGOMERY COUNTY YOUTH FACILITY

**COMES NOW** the Defendant identified in the Complaint as the "Montgomery County Youth Facility," pursuant to Rule 12(b)(6), Fed. R. Civ. P., and moves this Court to dismiss all claims in the Plaintiff's Amended Complaint against this Defendant for the following reasons:

1. Plaintiff's Complaint, as amended, fails to state a claim against this Defendant for which relief can be granted.

2. Plaintiff's 42 U.S.C. § 1981 claim is due to be dismissed because 42 U.S.C. § 1983 provides the exclusive remedy for violation of rights guaranteed by § 1981 when the claim is asserted against a governmental entity. *Jett v. Dallas Ind. School Dist.*, 491 U.S. 701, 735 (1989).

3. Plaintiff's 42 U.S.C. § 1983 claims against this Defendant are due to be dismissed because Plaintiff impermissibly attempts to hold this Defendant liable for the actions of others based on the theory of *respondeat superior*. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

4. Plaintiff's 42 U.S.C. § 1983 claims against this Defendant are due to be dismissed

1

because Plaintiff's Amended Complaint is devoid of any allegations of governmental policy, policymaker action or custom. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

5. Plaintiff's claims for racial discrimination are conclusory in nature and must be dismissed because Plaintiff has failed to allege facts that support an inference that racial animus motivated any of the actions of which Plaintiff complains. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250 (11th Cir. 2004).

6. Plaintiff has failed to state a claim for violation of his First Amendment rights.

7. Plaintiff has failed to adequately plead his 42 U.S.C. § 1985 claim for conspiracy.

8. Plaintiff has failed to adequately plead his 42 U.S.C. § 1986 claim for failure to intervene.

9. Plaintiff's claims for punitive damages against this Defendant must be dismissed because punitive damages are not recoverable against counties. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 25-60 (1981); *Colvin v. McDougall*, 62 F.3d 1316, 1319 (11th Cir. 1995).

WHEREFORE, THE PREMISES CONSIDERED, Defendant Montgomery County Youth Facility respectfully requests that this Court enter an order dismissing all claims against it in the Plaintiff's Amended Complaint, and award the Defendant any other relief to which it may be entitled.

/s/ Campbell
Thomas T. Gallion, III (GAL 010)
Constance C. Walker (WAL 144)

**OF COUNSEL:**
**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
Post Office Box 4660
Montgomery, Alabama 36103-4660
Telephone:   (334) 265-8573
Facsimile:    (334) 264-7945

2

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of the same in the United States mail, postage prepaid, this the __30__ day of May, 2006:

Jesse Tompkins, Sr.
13180 U.S. Highway 80 East
Pike Road, Alabama 36064

Jessica Larry
412 Edward Street
Montgomery, Alabama 36064

Christopher Lowery
c/o Montgomery Recruiting Co.
755 McDonald Street, Bldg. 1510
Maxwell AFB-Gunter Annex, Alabama 36114

Michael D. Boyle
Assistant City Attorney
103 North Perry Street
Montgomery, Alabama 36103

Benjamin Howard Albritton
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130-0152

Audra Beasley
13192 U.S. Highway 80 East
Pike Road, Alabama 36064

Betty Barker
3324 Apartment B Otis Lane
Gibbs Village
Montgomery, Alabama 36108

Tom Wright
430 South Decatur Street
Montgomery, Alabama 36104

_____
OF COUNSEL

3