IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION    2006 MAY 30  P 9: 40

| | |
|---|---|
| JESSIE TOMPKINS, SR, | ] |
| Plaintiff, | ] |
| vs. | ] CIVIL ACTION NO. 2:06CV325-WKW |
| JUDGE JOHN JONES, et al., | ] |
| Defendants. | ] |

## MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT MONTGOMERY COUNTY YOUTH FACILITY

**COMES NOW** the Defendant identified in the Complaint as the "Montgomery County Youth Facility," pursuant to Rule 12(b)(6), Fed. R.Civ. P., and submits the following Memorandum Brief in Support of its Motion to Dismiss.

### I.

### FACTS

On May 5, 2006, Plaintiff Jessie Tompkins, Sr., filed an Amended Complaint against numerous parties, including the Defendant Montgomery County Youth Facility (hereafter referred to as "MCYF"). Plaintiff asserts claims pursuant to 42 U.S.C. § 1981, 1983, 1985(3), and 1986. (Am. Com. ¶ 1)   Plaintiff claims his rights under the 13th, 14th, 1st, 4th, 5th and 6th Amendments to the United States Constitution have been violated. (Am. Com. ¶ 1)

Defendant MCYF is mentioned only in Count III of the body of the Amended Complaint. In Count III, Plaintiff alleges that the MCYF is the recipient of federal funds and that Plaintiff is

1

assigned to the MCYF as a teacher and coach with the Montgomery County Public Schools. (Am. Com. ¶ 38) Plaintiff further claims that he has been barred from participating in education activities as a teacher by Judge Patricia Warner and Court Administrator Bruce Howard. (Am. Com. ¶ 39) Plaintiff also claims that Judge Warner and Howard "simply did not like the fact that I (Mr. Tompkins) openly exercised my rights to free speech, In (sic) expressing my concerns about how Judge Warner had removed my (Mr. Tompkins') son from my care and place (sic) the child in the care of a non-family member, whom (sic) is a known drug user and lives and depends on this government for housing and living assistance." (Am. Com. ¶ 40) Plaintiff also claims that the act of placing his son in Gibbs Village was done "to harass and racially intimidate Mr. Tompkins for speak (sic) out publicly about Judge Warner's unethical conduct." (Am. Com. ¶ 41)

Additionally, Plaintiff claims that Judge Warner and Court Administrator Howard "acted with malice and racial intent to damage and harm the Plaintiff's reputation by disseminating and posting flyers in the family court falsely accusing me (Mr. Tompkins) of making threats at Judge Warner on a local talk show." (Am. Com. ¶ 42) Finally, Plaintiff claims that Judge Warner and Court Administrator Bruce Howard, "in retaliation for Mr. Tompkins suing Judge Warner, posted **"BE ON THE LOOKOUT"** signs with three pictures of Mr. Tompkins, barring him from the Youth Facility as a teacher participating in a federally funded program." (Am. Com. ¶ 44) Plaintiff claims that after the April 11, 2006 judicial summons to Judge Warner in **Tompkins v. Judge Jones**, he is "clearly being discriminated against because he is a person of color suing a white female." (Am. Com., ¶ 44)

2

## II.

## ARGUMENT

**A.    Plaintiff's § 1981 claim must be dismissed.**

To the extent Plaintiff asserts a claim under 42 U.S.C. § 1981 against the Defendant MCYF, this claim must be dismissed. In *Jett v. Dallas Ind. School Dist.*, 491 U.S. 701, 735 (1989), the Court held that § 1983 provides the exclusive federal damages remedy for violation of the rights guaranteed by § 1981 when the claim is asserted against a governmental actor. *See also, Vason v. City of Montgomery*, 240 F.3d 905, 906 n. 1( 11th Cir. 2001)(§ 1981 claim properly dismissed because § 1983 provided the sole remedy against municipality); *Butts v. County of Volusia*, 222 F.3d 891, 893 (11th Cir. 2000)(§ 1983 is the exclusive remedy against state actors for violations under § 1981). Plaintiff's § 1981 claim should therefore be dismissed.

**B.    Plaintiff's § 1983 claims must be dismissed.**

There are no allegations in the Complaint that Defendant MCYF actually participated in any alleged constitutional deprivation of the Plaintiff's rights. Plaintiff is merely seeking to hold the MCYF liable for the actions of Judge Patricia Warner and Court Administrator Bruce Howard. (Am. Com. ¶¶ 39-44) Plaintiff's allegations against the MCYF appear to do nothing more than allege liability based upon a *respondeat superior* theory, which was specifically foreclosed by the Supreme Court in *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978); *accord, City of Canton v. Harris*, 489 U.S. 378, 392 (1989)("Thus, permitting cases against . . . to go forward under § 1983 on a lesser standard of fault would result in de facto *respondeat superior* liability . . . a result we rejected in Monell...") *See also, Braddy v. Florida Dept. of Labor and Employment Security*, 133 F.3d 797, 801-02 (11th Cir. 1998).

3

While counties and municipalities are persons within the meaning of Section 1983, liability does not rest on a *respondeat superior* theory. Instead, local governments are directly liable under § 1983, but recovery is limited to acts that are those of the local governmental entity, i.e., acts which the local governmental entity has officially sanctioned or ordered. *Pembaur v. Cincinnati,* 475 U.S. 469, 478-80 (1986). For § 1983 claims against governmental entities to succeed, the plaintiff must show that the actions of the officials derived from official government action. *Monell,* 436 U.S. at 690-91. Plaintiff must allege that through its deliberate conduct, the MCYF was the "moving force" behind the alleged constitutional deprivation of which he complains. *Bd. of County Commissioners v. Brown,* 520 U.S. 397, 404 (1997). This can be done by alleging there is municipal policy, policymaker action or custom. *Id.* at 694-95.

Fatal to the Plaintiff's Amended Complaint in this case is his failure to specifically identify those particular policies, practices/actions or customs of the MCYF that allegedly caused a deprivation of the Plaintiff's constitutional rights. Plaintiff has therefore failed to state a claim against the MCYF and his § 1983 claims are therefore due to be dismissed.

    **C.**    **Plaintiff's has failed to adequately a claim for racial discrimination.**

Plaintiff's Amended Complaint does not state any legal basis for his § 1983 racial discrimination claim against the MCYF; however, Plaintiff appears to assert a claim for equal protection, which arises under the Fourteenth Amendment to the United States Constitution. The Equal Protection Clause of the Fourteenth Amendment mandates that no State shall "deny to any person within its jurisdiction the equal protection of the laws." *City of Cleburne Texas v. Cleburne Living Center,* 473 U.S. 432, 438 (1985). This claim, brought pursuant to § 1983, is also due to be dismissed. Plaintiff has also failed to adequately plead his equal protection claim against Defendant

MCYF. In *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250 (11th Cir. 2004) the court held that a plaintiff must not rely on conclusory allegations but instead must state a factual basis for a claim of racial discrimination in order to survive a motion to dismiss.

> "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." *Wagner v. Daewoo Heavy Industries Am. Corp.*, 289 F.3d 1268, 1270 (11th Cir.) *rev'd on other grounds*, 314 F.3d 541 (11th Cir. 2002)(en banc). "[C]onculsory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)(internal quotation marks and citation omitted); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)("Conclusory allegations and unwarranted deductions of fact are not admitted as true...."); *Robinson v. Jewish Ctr. Towers, Inc.* 993 F.Supp. 1475, 1476 (M.D.Fla. 1998)("[T]he court will not accept without more, conclusory allegations or legal conclusions masquerading as factual conclusions."); *Cummings v. Palm Beach County*, 642 F.Supp. 248, 249-50 (S.D.Fla. 1986)(finding vague and conclusory complaint failed to state a factual basis for claims of race and age discrimination required to give defendant notice necessary to prepare defense). To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.

*Id.* at 1262-63.

In conclusory fashion, Plaintiff merely alleges that Judge Warner and Court Administrator Howell acted "with malice and racial intent" to damage him by disseminating flyers at the youth facility saying he had made threats against Judge Warner on a local talk show. (Am. Com. ¶ 42) Plaintiff further claims the decision regarding custody of his son was to harass and racially intimidate him. (Am. Com. ¶ 41) Plaintiff also alleges that after he filed his original Complaint, signs were posted barring him from the MCYF and that he is "clearly being discriminated against because he is a person of color suing a white female." (Am. Com. ¶ 44)

Plaintiff has not alleged any facts that support an inference that racial animus (as opposed to some other reason) motivated these alleged actions. Plaintiff also makes no allegation that he was treated differently than other similarly situated individuals outside of his protected class. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000); *Arrington v. Dickerson,* 915 F.Supp. 1503, 1509 (M.D.Ala. 1995). To survive a motion to dismiss an equal protection claim the plaintiff must outline facts sufficient to convey specific instances of unlawful discrimination. *Coyne v. City of Somerville,* 972 F.2d 440, 444 (1st Cir. 1992). "A plaintiff 'may not prevail simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus.'" *Id.*

Plaintiff's allegations of racial discrimination are deficient because he merely alleges inappropriate acts by the Defendants, and no facts to support an inference that they were motivated by unlawful racial discrimination. In fact, Plaintiff's allegations more readily support a claim that Defendants' alleged actions were in response to Plaintiff's threats against Judge Warner, and not based on any unlawful intent to discriminate against the Plaintiff based on his race. Plaintiff's racial discrimination claim is therefore due to be dismissed. *Jackson v. BellSouth Telecommunications,* 372 F.3d 1250 (11th Cir. 2004)

### D. Plaintiff has failed to state a claim for violation of his First Amendment rights against Defendant MCYF.

Plaintiff's Amended Complaint also alleges that Judge Warner and Court Administrator Howard retaliated against him after he filed his lawsuit by posting signs at the MCYF barring him from the MCYF. (Am. Com. ¶ 44) Again, Plaintiff has failed to allege any direct involvement by the MCYF, and instead impermissibly attempts to hold MCYF liable for the actions of others based

on *respondeat superior*. Plaintiff has also failed to allege in the Amended Complaint what speech he engaged in that allegedly prompted the retaliation, or that he engaged in speech on a matter of public concern that is protected by the First Amendment. *See Anderson v. Burke County*, 239 F.3d 1216, 1219 (11th Cir. 2001); *Morgan v. Ford*, 6 F.3d 750, 754 (11th Cir. 1993); *Kurtz v. Vickrey*, 855 F.2d 723, 730 (11th Cir. 1988). Instead, it appears from Plaintiff's Amended Complaint that Plaintiff's speech concerned purely a private matter (custody of his son), not a matter of public concern. "For an employee's speech to rise to a matter of public concern, it must relate to a matter of political, social or other concern to the community." *Watkins v. Bowden*, 105 F.3d 1344, 1353 (11th Cir. 1997). If the speech is only of personal concern, it is not protected by the First Amendment. *Badia v. City of Miami*, 133 F.3d 1443, 1445 (11th Cir. 1998). Plaintiff's claims are therefore due to be dismissed.

E.   **Plaintiff's § 1985(3) and § 1986 claims must be dismissed.**

The elements of a § 1985 conspiracy claim are (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an overt act in furtherance of the object of the conspiracy; and (4) that the plaintiff (a) was injured in his person or property, or (b) was deprived of having and exercising any right or privilege of a United States citizen. *Bryd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986).

As discussed above, Plaintiff's Amended Complaint fails to allege specific facts showing that the actions of which he complains were motivated by racial animus or an intent to deprive him of the equal protection or equal privileges and immunities of the laws. Plaintiff has also failed to point to any overt acts in furtherance of a conspiracy, or identify the parties who allegedly conspired

against him. Plaintiff's § 1985 conspiracy claim should therefore be dismissed. Moreover, since a colorable claim under § 1985 is required for the assertion of a failure to intervene claim under 42 U.S.C. § 1986,[1] Plaintiff's § 1986 claim should also be dismissed. *See, e.g., Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir. 1983).

### F.     Plaintiff cannot recover punitive damages.

Plaintiff also seeks punitive damages against the Defendant MCYF. (Second Amended Complaint, p. 8, ¶¶ 4, 6) In *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-60 (1981), the United States Supreme Court held that punitive damages in a § 1983 action against a municipality are not recoverable. This same reasoning also bars an award of punitive damages against a county. *See Colvin v. McDougall*, 62 F.3d 1316, 1319 (11th Cir. 1995). Plaintiff's § 1983 claim against Defendant MCYF, to the extent it seeks punitive damages, is therefore due to be dismissed.

*[signature]*
Thomas T. Gallion, III (GAL 010)
Constance C. Walker (WAL 144)

OF COUNSEL:

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
Post Office Box 4660
305 South Lawrence Street
Montgomery, Alabama 36103-4660
Telephone:    (334) 265-8573
Facsimile:    (334) 264-7945

---

[1] 42 U.S.C. § 1986 creates a right to recover damages against every person who has knowledge of and power to prevent a § 1985 conspiracy, but neglects or refuses to act.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of the same in the United States mail, postage prepaid, this the ___30___ day of May, 2006:

Jesse Tompkins, Sr.
13180 U.S. Highway 80 East
Pike Road, Alabama 36064

Jessica Larry
412 Edward Street
Montgomery, Alabama 36064

Christopher Lowery
c/o Montgomery Recruiting Co.
755 McDonald Street, Bldg. 1510
Maxwell AFB-Gunter Annex, Alabama 36114

Michael D. Boyle
Assistant City Attorney
103 North Perry Street
Montgomery, Alabama 36103

Benjamin Howard Albritton
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130-0152

Audra Beasley
13192 U.S. Highway 80 East
Pike Road, Alabama 36064

Betty Barker
3324 Apartment B Otis Lane
Gibbs Village
Montgomery, Alabama 36108

Tom Wright
430 South Decatur Street
Montgomery, Alabama 36104

_____
OF COUNSEL