IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JESSIE TOMPKINS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV325-WKW |
| | ) | [WO] |
| JUDGE JOHN JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

JESSIE TOMPKINS ["Tompkins"], the plaintiff in this case, has filed an Amended Complaint which names BETTY BARKER ["Barker"] as a defendant. Tompkins identifies Barker as a "non-elative in this matter" who was "approved by the State of Alabama as legal guardian over Mr. Tompkins' Minor son" (Doc. # 17, p. 3). Beyond that identification, Tompkins alleges that Barker stated on a radio talk show that he was fired from his job and that he was a child molester. He contends that those statements slandered his good name and reputation and that their words were "false, malicious and cannot be supported by facts.

For the reasons below, the claims against Barker should be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**I.  DISCUSSION**

In order to maintain an action under 42 U.S.C. § 1983, the conduct complained of must have been committed by a person acting under color of state law. ***Parratt v. Taylor***, 451 U.S. 527 (1981); ***American Mfrs. Mut. Ins. Co. v. Sullivan***, 526 U.S. 40, 49 (1999) (To "state a claim for relief in an action brought under §1983, [the plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged

deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). ***See also Focus on the Family v. Pinellas Suncoast Transit Auth.***, 344 F.3d 1263, 1277 (11th Cir. 2003).[1]

Barker is a private person. Thus, her actions were not committed by a person acting under color of state law. Consequently, the claims presented against her in this case lack an arguable basis and are therefore due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(I) and (ii). ***Neitzke v. Williams***, 490 U.S. 319 (1989).

## II.  CONCLUSION

Accordingly, it is

ORDERED that Tompkins' Motion for Default Judgment, filed on 31 May 2006 (Doc. # 40), is DENIED.

It is the RECOMMENDATION of the Magistrate Judge that Tompkins' claims against Barker be DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **17 June 2006**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of

---

[1]***See Rendell-Baker v. Kohn***, 457 U.S. 830, 838, 102 S. Ct. 2764, 2769-70, 73 L. Ed. 2d 418 (1982) ("In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." (quoting ***United States v. Price***, 383 U.S. 787, 794 n.7 (1966)).

issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  ***Nettles v. Wainwright***, 677 F.2d 404 (5th Cir. 1982).  *See* ***Stein v. Reynolds Securities, Inc.***, 667 F.2d 33 (11th Cir. 1982).  *See also* ***Bonner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

    DONE this 5th day of June, 2006.

                                       /s/ Vanzetta Penn McPherson
                                       VANZETTA PENN MCPHERSON
                                       UNITED STATES MAGISTRATE JUDGE