IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JESSIE TOMPKINS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV325-WKW |
| | ) | [WO] |
| JUDGE JOHN JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On 30 May 2006, the Montgomery County Youth Facility ["MCYF"] filed a Motion to Dismiss (Doc. # 38) the claims filed by Tompkins in his Amended Complaint (Doc. # 17). The MCYF filed its memoranbum brief in support of the motion on 30 May 2006 (Doc. # 39). Tompkins alleged that the Montgomery County Youth Facility discriminated against him because he "is a person of color suing a white female" (Doc. # 17, p. 7). Tompkins invoked the Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1983.

For the reasons that follow, the Magistrate Judge recommends that the motion be granted under 28 U.S.C. § 1915(e)(2)(B(i) and (ii).

**I.  DISCUSSION**

The Montgomery County Youth Facility ["the MCYF"] is a sub-division of Montgomery County. It is the site of the juvenile detention facility for Montgomery County, and it also houses the Montgomery County Family Court.

A.     *The Claim Under 42 U.S.C. §1983*[1]

To state a claim for relief, Section 1983 litigants have the burden of alleging two elements with some factual detail: "(1) that they suffered a deprivation of 'rights, privileges or immunities secured by the Constitution and laws' of the United States," and (2) that a person "acting under color of law" *caused* the deprivation, either by an act or omission. ***Wideman v. Shallowford Community Hosp., Inc***., 826 F.2d 1030, 1032 (11th Cir.1987) (emphasis added) (citation omitted).[2]

Tompkins cannot meet that burden here. The MCYF is not a city; it is tantamount to a jail. A jail "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). For that reason, the §1983 claims against the MCYF should be dismissed.

To the extent that Tompkins has named the MCYF as a defendant because of the action of Family Court judges or other family court personnel, he seeks to invoke the doctrine of respondeat superior, which is inapplicable in this case. The doctrine of

---

[1] Section 1983 provides
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . .

[2] Section 1983 "is not itself a source of substantive rights," rather it provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 (1979). In this case, Tompkins seeks vindication of his Fourteenth Amendment rights through §1983

*respondeat superior* is unavailable as a basis for liability in actions brought under 42 U.S.C. §1983. ***Monell v. Department of Social Services***, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Thus, Tompkins may not seek to impose liability upon the MCYF merely because it is the physical site of events which he challenges or it is the home of the court which issued rulings which he contests. Accordingly, Tompkins has not stated a cause of action against the MCYF; thus, the claims presented in this case lack an arguable basis and are therefore due to be dismissed before service upon application of 28 U.S.C. §1915(e)(I) and (ii). ***Neitzke v. Williams***, 490 U.S. 319 (1989).

B. *The Claim Under 42 U.S.C. §1981*

Section 1981 prohibits intentional discrimination by private actors, while section 1983 prohibits discriminatory action by "persons" acting under color of state law.

> The Supreme Court has ruled that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in 1981 by state governmental units.'

***Pearson v. MaconBibb County Hosp. Auth.***, 952 F.2d 1274, 1278 n.3 (11th Cir. 1992), quoting ***Jett v. Dallas Ind. School Dist.***, 491 U.S. 701, 733, 105 L. Ed. 2d 598, 109 S. Ct. 2702 (1989). Section 1981 provides "no broader remedy against a state actor than section 1983." ***Busby v. City of Orlando***, 931 F.2d 764, 771-72 n.6 (11th Cir. 1991).

The Montgomery County Youth Facility is unquestionably a public entity, not a private actor. Accordingly, Tompkins claim against the MCYF under section 1981 should

be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### C. The Claim Under 42 U.S.C. §1985 and 1986

Similarly, Tompkins's claim against the MCYF under these provisions are frivolous.

Title 42 U.S.C. 1985(2) makes it a violation if

> two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . . .

Section 1986 provides, in relevant part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . .

The elements of a conspiracy claim under 1985(2) are: (1) a conspiracy; (2) to deter a witness by force, intimidation, or threat from attending or testifying before a United States court; (3) that results in injury to the plaintiff. *Morast v. Lance*, 807 F.2d 926, 929-30 (11th Cir. 1987). "[A] 1986 action is predicated on a successful conspiracy action under §1985." *Id*. at 930; *Moore v. Potter*, 141 Fed. Appx. 803, 806-807, 2005 LEXIS 14070 (11th Cir. 2005).

Tompkins has failed to allege a conspiracy or present any facts whatsoever of a conspiracy. Accordingly, these claims against the MCYF should be dismissed as frivolous.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Tompkins' claims against the Montgomery County Youth Facility be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before 17 June 2006. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 5th day of June, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE