# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

RECEIVED 2006 JUN 16 P 4:25

| | |
|---|---|
| JESSIE TOMPKINS Sr. | * |
| Plaintiff, | * |
| VS | * CASE NO. 2:06CV325.WKW |
| JUDGE JOHN JONES, | * |
| JUDGE PATRICIA WARNER, | |
| JESSICA LARRY, | * |
| AUDRA BEASLEY, | |
| CAPT. CHRISTOPHER LOWERY, | * |
| CITY OF MONTGOMERY, | |
| MONTGOMERY COUNTY YOUTH | * |
| FACILITY, BETTY BARKER AND | |
| JULIANNA TAYLOR. | * |
| Defendants. | |

PLAINTIFF'S JESSIE TOMPKINS' OBJECTION TO THE
MAGISTRATE JUDGE RECOMMENDATION TO
THE DISMISS ALL CLAIMS PURSUANT TO
28 USC SECTION 1915 (e)(2)(B)(I)-(ii)-(iii)

ARGUMENTS

1. The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 342-343 (1948). Toward this end, 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. See Franklin v. Murphy, 745 F.2d 1221, 1226 (CA9 1984).

2. A plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more

complete record of the case. Brandon v. District of Columbia Board of Parole, 236 U.S. App. D.C. 155, 158, 734 F.2d 56, 59 (1984), cert. denied, 469 U.S. 1127 (1985).

To conflate the standards of frivolousness and failure to state a claim, as outline, would thus deny indigent plaintiffs the practical protections against unwarranted dismissal generally accorded paying plaintiffs under the Federal Rules. A complaint like that filed by Williams under the Eighth Amendment, whose only defect was its failure to state a claim, will in all likelihood be dismissed sua sponte, whereas an identical complaint filed by a paying plaintiff will in all likelihood receive the considerable benefits of the adversary proceedings contemplated by the Federal Rules. Given Congress' goal of putting indigent plaintiffs on a similar footing with paying plaintiffs, cannot reasonably be sustained. According opportunities for responsive pleadings to indigent litigants commensurate to the opportunities accorded similarly situated paying plaintiffs is all the more important because indigent plaintiffs so often proceed pro se and therefore may be less capable of formulating legally competent initial pleadings and can not be automatically frivolous within the meaning of 1915 because it fails to state a claim See Haines v. Kerner, 404 U.S. 519, 520 (1972).

3. Mr. Tompkins claims are not frivolous 20 U.S.C. Section 1681 and title 42 U.S.C. 2000(d) and 2000d (4), the statures states :

   **A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.**

   This district court denied the defendants' Alabama State University Et al, motion to dismiss, holding that by accepting federal funds after the enactment of 42 U.S.C. 2000d-7, the defendants had consented to the waiver of their Eleventh Amendment immunity. See Beasley v. Alabama State Univ., 3 F. Supp.2d 1304, 1311-1316 (M.D. Ala. 1998). The City of Montgomery is a state created entities, whom is a recipients of federal funds.

4. If the City of Montgomery was going to correct the improper billing and discriminatory acts, they would have done so prior to filing this litigation. However the City of Montgomery is continuing to place thousand of dollars in liens against me. (See Attachment A).

5. I am further asking that the magistrate Judge's recommendation be denied because of bias and prejudice against plaintiff as a pro se party. The above statures imposes a duty upon the court to act to correct constitutional violations and not reward individuals for committing violations.

Respectfully Submitted

Jessie Tompkins Sr.
13180 U.S. Hwy 80 E.
Pike Road, Al. 36064

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the attached motion have been filed on all parties of record, on this 16th day of June 2006

**Benjamin Albriton**
**Office of the Attorney General**
**11 South Union St.**
**Montgomery, Alabama 36130**

**Jessica Larry**
**412 Edward St.**
**Montgomery, Alabama 36104**

**Audra Beasley**
**13192 U.S. Hwy 80 E**
**Pike Road, Al 36064**

**Christopher Lowery**
**Gunter- Maxwell AFB Annex**
**755 McDonald St., Bldg 1510**
**Montgomery, Al 36114**

**Betty Barker**
**3324 (Apt. B) Otis Lane**
**Smiley Court Apartments**
Montgomery, Ala. 36108

City of Montgomery
103 North Perry st.
Montgomery, Al. 36103

Julianna Taylor
430 So. Decatur St.
Montgomery, Al 36104

Jessie Tompkins