RECEIVED

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JESSIE TOMPKINS Sr.

      Plaintiff,             *

VS                           * CASE NO. 2:06CV325.WKW

JUDGE JOHN JONES,         *
JUDGE PATRICIA WARNER,
JESSICA LARRY,             *
AUDRA BEASLEY,
CAPT. CHRISTOPHER LOWERY, *
CITY OF MONTGOMERY,
MONTGOMERY COUNTY YOUTH *
FACILITY, BETTY BARKER AND
JULIANNA TAYLOR.          *
      Defendants.

---

PLAINTIFF'S JESSIE TOMPKINS' SUPPLEMENTAL MOTION AND OBJECTION
TO THE MAGISTRATE JUDGE RECOMMENDATION TO
THE DISMISS ALL CLAIMS PURSUANT TO
28 USC SECTION 1915 (e)(2)(B)(I)-(ii)-(iii)

ARGUMENTS
(DISMISSAL OF CLAIMS AGAINST THE CITY OF MONTOMGERY)

1. The federal law in, in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 342-343 (1948). Toward this end, 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. See Franklin v. Murphy, 745 F.2d 1221, 1226 (CA9 1984).

2. A plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations

so as to conform with the requirements of a valid legal cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of the case. Brandon v. District of Columbia Board of Parole, 236 U.S. App. D.C. 155, 158, 734 F.2d 56, 59 (1984), cert. denied, 469 U.S. 1127 (1985).

To conflate the standards of frivolousness and failure to state a claim, as outline, would thus deny indigent plaintiffs the practical protections against unwarranted dismissal generally accorded paying plaintiffs under the Federal Rules. A complaint like that filed by Williams under the Eighth Amendment, whose only defect was its failure to state a claim, will in all likelihood be dismissed sua sponte, whereas an identical complaint filed by a paying plaintiff will in all likelihood receive the considerable benefits of the adversary proceedings contemplated by the Federal Rules. Given Congress' goal of putting indigent plaintiffs on a similar footing with paying plaintiffs, cannot reasonably be sustained. According opportunities for responsive pleadings to indigent litigants commensurate to the opportunities accorded similarly situated paying plaintiffs is all the more important because indigent plaintiffs so often proceed pro se and therefore may be less capable of formulating legally competent initial pleadings and can not be. automatically frivolous within the meaning of 1915 because it fails to state a claim See Haines v. Kerner, 404 U.S. 519, 520 (1972).

3. Mr. Tompkins claims are not frivolous 20 U.S.C. Section 1681 and title 42 U.S.C. 2000(d) and 2000d (4), the statures states :

   **A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.**

This district court denied the defendants' Alabama State University Et al, motion to dismiss, holding that by accepting federal funds after the enactment of 42 U.S.C. 2000d-7, the defendants had consented to the waiver of their Eleventh Amendment immunity. See Beasley v. Alabama State Univ., 3 F. Supp.2d 1304, 1311-1316 (M.D. Ala. 1998). The City of Montgomery is a state created entities, whom is a recipients of federal funds.

4. Congress enacted **42 U.S.C. § 1983** "'to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.'"**Scheuer v. Rhodes**, 416 U.S. 232, 243 (1974). Because of that intent, the Supreme Court has held that in § 1983 actions the statutory requirement of action "under color of" state law is just as broad as the Fourteenth Amendment's "state action" requirement. **Lugar v. Edmondson Oil Co.**, 457 U.S. 922, 929 (1982). **Hafer v. Melo**, 498 U.S. 1118 (1991).Moreover, there can be no doubt that § 1 of the Civil Rights Act was intended to provide a remedy, to be broadly construed, against all forms of official violation of federally protected rights. **Monell v. New York City Dept. of Social Services**, 436 U.S. 658, 699-700.

5. A court faced with a motion to dismiss a pro se complaint alleging violations of civil rights must read the complaint's allegations expansively. **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972), and take them as true for purposes of deciding whether they state a claim. **Cruz v. Beto**, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081 (1972). Moreover, it is a well settled principle of law that "the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." **Bonner v. Circuit Court of St. Louis**, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting **Bramlet v. Wilson**, 495 F.2d 714, 716 (8th Cir. 1974). **Bowers v. Hardwick**, 478 U.S. 186, 201 (1986).

6. The standard of review for **Fed. R. Civ. Proc.** Rule 12(b)(6) - Failure to state a claim - is, the appeals court should affirm the district courts dismissal "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" **Conley v. Gibson**, 355 U.S. 41, 45-46; 78 S.Ct. 99, 102 (1957). **Bowers v. Hardwick**, 478 U.S. 186, 201 (1986), see **Due v.**

**Tallahassee Theatres, Inc.**, 333 F.2d 630, 631 (5th Cir. 1964); **Parr v. Great Lakes Express Co.**, 484 F.2d 767, 773 (7th Cir. 1973); **United States v. Howell**, 318 F.2d 162, 166 (9th Cir. 1963); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 601-602 (1969).

7. The District Court's preemptory action of dismissing this cause at a premature stage, equates to the denial of access to the courts. It is beyond dispute that the right of access to the courts is a fundamental right protected by the Constitution. The Supreme Court has found several constitutional bases for this right. See, e.g., **Chambers v. Baltimore & O.R.R.**, 207 U.S. 142, 148, 28 S.Ct. 34, 35 (1907)(right of access is a privilege and immunity secured under article IV of the Constitution and the Fourteenth Amendment); **California Motor Transport Co. v. Trucking Unlimited**, 404 U.S. 508, 510, 92 S.Ct. 609, 611 (1972).

5. If the City of Montgomery was going to correct the improper billing and discriminatory acts, they would have done so prior to filing this litigation. However the City of Montgomery is continuing to place thousand of dollars in liens against me. (See Attachment A).

6. I am further asking that the magistrate Judge's recommendation be denied because of bias and prejudice against plaintiff as a pro se party. The above statures imposes a duty upon the court to act to correct constitutional violations and not reward individuals for committing violations.

Respectfully Submitted

Jessie Tompkins Sr.
3180 U.S. Hwy 80 E.
Pike Road, Al. 36064

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the attached motion have been filed on all parties of record, on this 16th day of June 2006

Benjamin Albriton
Office of the Attorney General
11 South Union St.
Montgomery, Alabama 36130

Jessica Larry
412 Edward St.
Montgomery, Alabama 36104

Audra Beasley
13192 U.S. Hwy 80 E
Pike Road, Al 36064

Christopher Lowery
Gunter- Maxwell AFB Annex
755 McDonald St., Bldg 1510
Montgomery, Al 36114

Betty Barker
3324 (Apt. B) Otis Lane
Smiley Court Apartments
Montgomery, Ala. 36108

City of Montgomery
103 North Perry st.
Montgomery, Al. 36103

Julianna Taylor
430 So. Decatur St.
Montgomery, Al 36104

*Jessie Tompkins* (signature)



# City of Montgomery, Alabama

Bobby N. Bright
Mayor

Charles W. Jinright — President
James A. Nuckles — Pro tem
Willie Cook

Cornelius Calhoun
Tim Head
Janet Thomas May

Glen O. Pruitt, Jr.
Martha Roby
Jim Spear

5/10/2006

Jessie E Tompkins Estate
Steve & Charmine Tompkins
845 Terrace Ave
Montgomery, AL 36106

Dear Jessie E Tompkins Estate:

A resolution being submitted to the City Council for the costs of abating an unsafe structure on the property described below will be presented at its May 16, 2006, 5:00 PM public meeting, in the Council Chambers at City Hall.

If you wish to contest the amount of the demolition cost, you are requested to appear at the City Council meeting dated above.

Unless modified by action of the City Council, the amount below shall constitute a special assessment against the property upon which the structure was located, and, thus made and confirmed, shall constitute a lien on said property.

### LOCATION OF VIOLATION

Jessie E Tompkins Estate
845 Terrace Ave
Montgomery AL 36106

Housing Code
2006 - H0241

Property   2310 Roosevelt St
Parcel     03 11 6 23 1 16 34 0
Size       75 X 100

General description    Northside Of Roosevelt St

3rd Parcel West Of Shreve St

Assessed description   Shreve Plat
Plat Bk 002 Page 053

Lot 26   Blk 2
Also Lots 27 & 28

Contractor Charge   $ 2523

Balance: $ 2523

Sincerely,

Housing Code Division
2006-H0241